PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

EDGAR HENRY,
            *Defendant-Appellant.*

No. 07-4578

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

KIMBERLY HENRY,
            *Defendant-Appellant.*

No. 07-4587

Appeals from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(1:04-cr-00082-IMK-1; 1:04-cr-00082-IMK-2)

Argued: May 16, 2008

Decided: August 19, 2008

Before MICHAEL and SHEDD, Circuit Judges,
and Henry F. FLOYD, United States District Judge for the
District of South Carolina, sitting by designation.

Reversed, vacated, and remanded by published opinion. Judge
Michael wrote the opinion, in which Judge Shedd and Judge Floyd
joined.

**COUNSEL**

**ARGUED:** Brian Joseph Kornbrath, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia; Charles T. Berry, BOWLES, RICE, MCDAVID, GRAFF & LOVE, PLLC, Morgantown, West Virginia, for Appellants. Shawn Angus Morgan, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee. **ON BRIEF:** Sharon L. Potter, United States Attorney, Wheeling, West Virginia, for Appellee.

**OPINION**

MICHAEL, Circuit Judge:

Edgar Henry and Kimberly Henry, who entered conditional guilty pleas to one count related to marijuana growing, appeal the district court's denial of their motions to dismiss the indictment based on a violation of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. The Henrys contend, and we agree, that a 103-day continuance ordered by the district court did not comply with the strict requirements for granting an ends-of-justice continuance set out in *Zedner v. United States*, 547 U.S. 489 (2006). (*Zedner* was issued after the continuance was ordered, but before the Henrys entered their guilty pleas.) As a result, the delay in the Henrys' case exceeded the Speedy Trial Act's seventy-day limit, and the indictment must be dismissed. The district court may determine on remand whether dismissal should be with or without prejudice.

I.

In September 2003 the West Virginia State Police received an anonymous tip that the Henrys were engaged in a marijuana growing operation at their residence in Gilmer County, West Virginia. The ensuing ten-month police investigation uncovered information that the Henrys were hydroponically growing marijuana in a large structure attached to the back of their house. Based on this information, the police obtained a search warrant to conduct a thermal imaging scan of the Henrys' residential property. The heat readings from the scan,

which corroborated other information, prompted the police to obtain a conventional search warrant for the Henrys' property. During the search the police seized a total of eighty-five live marijuana plants, evidence of a recent harvest, and evidence regarding the scope and ongoing nature of the Henrys' operation.

The Henrys were indicted together on November 3, 2004, for conspiracy to manufacture and distribute one hundred or more marijuana plants (count 1), aiding and abetting in manufacturing one hundred or more marijuana plants (count 2), and aiding and abetting in possession with intent to distribute less than fifty kilograms of marijuana (count 3), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(D), and 846 and 18 U.S.C. § 2.

Following the resolution of several pretrial motions, the district court set June 7, 2005, as the trial date. On June 7, 2005, however, the parties jointly moved for a continuance. In support of the motion the parties explained that they were awaiting an appraisal of the Henrys' property in connection with an effort to reach a plea agreement. The parties also noted that the Henrys had previously executed prospective waivers of their speedy trial rights. The district court granted the motion on the day it was made.

The proceedings were continued until March 24, 2006, when the court held a status conference at the government's request. At this conference the district court learned that plea negotiations had been unsuccessful and a trial date needed to be set. The court proposed June 26, 2006, but then, after being advised that the trial would take several days, set the trial for July 5, 2006. Mr. Henry then spoke up and complained to the court that his case had "dragged on for two years." J.A. 199. The court responded by emphasizing that Mr. Henry had made a valid waiver of his speedy trial rights.

About two months later, on June 5, 2006, the Supreme Court decided *Zedner*, which held that a defendant may not prospectively waive his rights under the Speedy Trial Act. 547 U.S. at 500-03. The Court also held that there was no basis for applying the doctrine of judicial estoppel to enforce the defendant's blanket waiver of his rights under the Act. *Id.* at 503-06. Finally, the Court held that judicial "findings must be made, if only in the [district] judge's mind, before

granting [an ends-of-justice] continuance," and that the district court must state the findings on the record before it rules on a defendant's motion to dismiss under the Act. *Id.* at 506-07. If the district court fails to make the required findings, the delay caused by the continuance must be counted against the speedy trial clock; the failure cannot be excused as harmless error. *Id.* at 506-09.

On June 27, 2006, at the final pretrial conference in the Henrys' case, the district court raised, in a straightforward fashion on its own initiative, the issue of how the continuances granted on June 7, 2005, and March 24, 2006, should be treated in light of *Zedner*. Specifically, the court considered whether, after *Zedner*, the continuances were periods of delay that could be excluded under the Speedy Trial Act. The court first recognized that the Henrys' prospective waivers of their speedy trial rights were invalid under *Zedner*. The court then proceeded to consider whether the two continuances had been granted for reasons that served the ends of justice. According to the court, the June 7, 2005, continuance was granted to facilitate a plea agreement, thereby satisfying the ends-of-justice criteria. The continuance was therefore excluded from the time on the speedy trial clock. The court then discussed the continuance ordered at the March 24, 2006, status conference. The court noted that it did not have a transcript of that conference, but in an effort to deal expeditiously with the unanticipated *Zedner* issue, the court relied on its recollection of what had transpired at the earlier conference. As the court recalled, it had ordered the March 24 continuance for ends-of-justice reasons. Specifically, the court said that it had granted this continuance because (1) "counsel for the defendants in particular needed the opportunity to prepare for trial," and (2) the need for "proper preparation" outweighed the interests of the public and the defendants in a speedy trial. J.A. 257. The court reiterated its recollection in findings set forth in a written order entered on June 30, 2006.

Later on the same day, June 30, 2006, the Henrys moved to dismiss their indictment due to violation of the Speedy Trial Act. The Henrys argued that the 103 days between March 24, 2006, and July 5, 2006, exceeded the Act's permissible seventy-day time frame and were not excludable under the Act. On July 5, 2006, the court denied the motion on the grounds set forth in the June 30 order. Later that day, the Henrys agreed to enter pleas of guilty to conspiracy to manufac-

ture one hundred or more marijuana plants in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, conditioned on the right to appeal the Speedy Trial Act decision and two other issues. The court accepted the guilty pleas.

The Henrys later renewed their motions to dismiss for violation of the Speedy Trial Act. The court denied the motions on December 8, 2006, and began the sentencing proceedings. After three days of hearings, the court sentenced the Henrys each to sixty months' imprisonment and four years' supervised release. The Henrys now appeal, challenging the Speedy Trial Act ruling, the thermal imaging search of their property, and the determination of relevant conduct for sentencing.

## II.

The Henrys argue that the district court erred in denying their motions to dismiss the indictment for a Speedy Trial Act violation. According to the Henrys, when the district court granted the continuance on March 24, 2006, it impermissibly relied on their prospective speedy trial waivers and failed at that time to make findings that would support an ends-of-justice continuance.

We review the district court's legal interpretations of the Speedy Trial Act de novo and its factual findings for clear error. *See United States v. Rodriguez-Amaya*, 521 F.3d 437, 440 (4th Cir. 2008). We recognize that when the district court ordered the March 24, 2006, continuance, it did not have the benefit of *Zedner*. *Zedner* now controls this case, and it compels us to say that the Speedy Trial Act was violated.

## A.

The Speedy Trial Act generally requires that a criminal trial begin within seventy days of the filing of an information or indictment or the defendant's initial appearance. 18 U.S.C. § 3161(c)(1). This requirement protects the interests of both the defendant and the public in a speedy trial and the public interest in preventing and deterring crime. *Zedner*, 547 U.S. at 501. To allow for necessary flexibility in

scheduling, the Act provides that certain delays may be excluded from the seventy-day count, including delays where the district court finds "that the ends of justice served by . . . granting . . . [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." § 3161(h)(8)(A); *see Zedner*, 547 U.S. at 497-98.

The Act's provision, § 3161(h)(8), that governs ends-of-justice continuances "gives the district court discretion — within limits and subject to specific procedures — to accommodate limited delays for case-specific needs." *Zedner*, 547 U.S. at 499. The Act's primary procedural limit requires a district court to "set[ ] forth, either orally or in writing, its reasons for finding" that a continuance is warranted under the provision. § 3161(h)(8)(A). The provision gives substantive guidance by setting forth "[t]he factors, among others, which a judge shall consider in determining whether to grant [an ends-of-justice] continuance." § 3161(h)(8)(B). These factors include consideration of whether the case is complex or unusual, whether counsel need additional time to prepare effectively, and whether delay is necessary to ensure continuity of counsel. *Id.* The listed factors assist a district court in conducting the balancing required by § 3161(h)(8), that is, determining whether the need for a continuance "outweigh[s] the best interests of the public and the defendant in a speedy trial." § 3161(h)(8)(A). The court is only required to state its findings on the record by the time it rules on the defendant's motion to dismiss; however, it must be "clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance." *United States v. Keith*, 42 F.3d 234, 237 (4th Cir. 1994); *see Zedner*, 547 U.S. at 506-07 (stating that "the Act is clear that findings must be made, if only in the judge's mind, before granting the [ends-of-justice] continuance," and the findings must be set forth in the record "by the time [the judge] rules on a defendant's motion to dismiss"). The Supreme Court has emphasized that "[t]he best practice . . . is for a district court to put its findings on the record at or near the time when it grants the continuance." *Zedner*, 547 U.S. at 507 n.7. If a district court fails to make the required findings to support an ends-of-justice continuance, the delay must be counted against the seventy days. *Zedner*, 547 U.S. at 508.

To enforce the Act, a defendant must move to dismiss the charges before the start of trial or the entry of a guilty plea. 18 U.S.C.

§ 3162(a)(2). If the motion is timely and meritorious, the district court "must dismiss the charges, though it may choose whether to dismiss with or without prejudice." *Zedner*, 547 U.S. at 499; *see* § 3162(a)(2). While a defendant may not prospectively waive the application of the Act, *Zedner*, 547 U.S. at 500, his failure to make a timely motion to dismiss constitutes a waiver of his rights under the Act. § 3162(a)(2).

B.

At a motions and plea hearing on July 5, 2006, the district court orally denied the Henrys' motions to dismiss for a speedy trial violation. The court found that the 103-day continuance ordered on March 24, 2006, could be excluded from the speedy trial calculation as an ends-of-justice continuance based on counsel's need for additional time to prepare for trial. The court relied further on the oral findings it had made during the pretrial conference on June 27, 2006, and recounted in its written order of June 30, 2006. In that order the court noted that "a transcript of the March 24, 2006[,] status conference had not been requested by the parties" in preparation for the June 27, 2006, pretrial conference. J.A. 278. As a result, the court explained that it "could not specifically state what findings it had made on the record" on March 24, 2006, when it granted the continuance. *Id.* Nonetheless, the court relied on its memory and recalled that on March 24 it had "discussed the speedy trial issue with the defendants" and had advised them that the continuance was granted because "it was necessary to provide the parties with additional time to prepare their case for trial." *Id.* The court concluded its June 30 order by finding that "the need for further trial preparation outweighed the best interests of the public and the defendants in a speedy trial," justifying an ends-of-justice continuance on March 24. *Id.*

The Henrys contend, and we agree, that the actual record from the March 24, 2006, status conference fails to support the district court's later recollection of its reasoning on that date. First, the record reflects that the district court relied on the Henrys' speedy trial waivers, which the court had every reason to believe were valid at that time. At the start of the March 24 conference, the court remarked:

> [T]he purpose of this hearing is to bring me up to date on the status of this case because . . . it was set for trial last year

> and there was a joint motion to continue . . . . A Speedy
> Trial Waiver was executed and there was supposed to be an
> appraisal of the defendants' real property to resolve the mer-
> its of the pending criminal action . . . .

J.A. 190. The court again discussed the waiver after it ordered the
continuance, explaining that the delay was appropriate because the
Henrys had waived their speedy trial rights. The court concluded its
discussion of the continuance by informing Mr. Henry, "You have a
speedy trial right, which is also the public's right that has to [be] hon-
ored and adhered to and observed unless there is a waiver . . . that
stops the speedy trial time." J.A. 198. Having found that the Henrys
had validly waived their speedy trial rights, the court had no reason
to consider the ends-of-justice factors when it ordered the March 24
continuance.

Second, although the district court later recalled that the continu-
ance had been ordered to provide the parties with sufficient time to
prepare for trial, on March 24, 2006, neither the parties nor the court
indicated that there was a need to delay the trial date to allow for
effective preparation. Indeed, Mr. Henry explicitly objected to the
extent of delay in the case, complaining that the case had "dragged
on for two years." J.A. 199. The court responded that the conference
was being held "because the Government wants to get the trial done."
*Id.* The express desire of the parties to proceed to trial expeditiously,
which the court recognized on the record on March 24, further sug-
gests that the court did not order the continuance to allow the parties
needed time to prepare for trial.

Finally, the specific exchange in which the district court set the
trial date indicates that the court did not conduct an ends-of-justice
analysis at that time. After receiving a report that plea negotiations
had broken down, the court remarked, "Okay. So we need — what we
need here is a trial date, right?" J.A. 193. The parties agreed. The
court then stated, "Okay. Let's see. We are going to trial on the 26th
of June in — oh no — 26th of June — I probably better not put it
there. No. How many days is this going to take?" J.A. 194. When
informed by the government that the trial would take three days, the
discussion continued:

The Court: Okay. Let's see. . . . What about if we were to try this on Wednesday, Thursday and Friday, July 5th through the 7th?

[Government counsel]: That's fine with the Government, Your Honor.

[Defense counsel]: That fits in my schedule.

The Court: That fits? Okay. That's good because I go into a pretty lengthy trial after that and . . . we'd be out-of-pocket until sometime later in the summer and I know this case has been around for a while.

J.A. 195. As these statements indicate, at the time the court continued the trial, it was concerned with finding a date that would conveniently fit into the schedules of counsel for both sides and the court, not with evaluating the ends-of-justice factors. Of course, as mentioned above, the court's reasonable reliance on the waivers would have at that time (prior to *Zedner*) made an ends-of-justice analysis unnecessary.

The record establishes that, in granting the pre-*Zedner* continuance on March 24, 2006, the district court focused on the speedy trial waivers and the schedules of counsel and the court. At no point during the conference did the court mention a concern about giving the parties additional time to prepare for trial or mention other ends-of-justice factors. The record thus fails to confirm the court's memory of its reasoning on the day of the conference; the court did not, as it later recalled, engage in the contemporaneous ends-of-justice analysis required by *Zedner*. *See* 547 U.S. at 506-07.

We recognize that *Zedner* presented the district court with an unanticipated problem in the Henrys' case. *Zedner*'s new interpretation of the Speedy Trial Act imposed stricter requirements for granting ends-of-justice continuances. These requirements meant, among other things, that the Henrys' speedy trial waivers were invalid. The district court acted immediately after *Zedner* was issued, bringing the problem to the parties' attention and attempting (understandably) to rectify it and keep the case on track. *Zedner*'s strictures, however, made it

impossible for the district court to square the March 24, 2006, continuance with the Act.

In sum, the district court, operating without the benefit of *Zedner*, did not conduct the required ends-of-justice analysis when it continued the trial for 103 days on March 24, 2006. As a result, the continuance cannot be excluded from the Henrys' speedy trial clock, causing the total delay in the Henrys' case to exceed the seventy days allowed by the Speedy Trial Act. The indictment must therefore be dismissed. We leave it to the district court to determine in the first instance whether dismissal should be with or without prejudice under 18 U.S.C. § 3162(a)(2). *See Zedner*, 547 U.S. at 509. Because we remand with instructions to grant the Henrys' motion to dismiss, we need not reach the other issues raised by the Henrys on appeal.

\*   \*   \*

The district court's orders denying the Henrys' motion to dismiss the indictment for a violation of the Speedy Trial Act are reversed, the Henrys' convictions and sentences are vacated, and the case is remanded for further proceedings consistent with this opinion.

*REVERSED, VACATED,*
*AND REMANDED*