**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4807**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

FREDDIE LEE ANDREWS, III,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (5:06-cr-00064-BO-1)

Submitted: January 20, 2010    Decided: February 17, 2010

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas R. Wilson, GREENE & WILSON, P.A., New Bern, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Freddie Lee Andrews appeals from his conviction of offenses arising from a bank robbery.  Andrews alleges violations of his constitutional right to a speedy trial and the Speedy Trial Act. For the reasons set forth below, we reject these contentions and affirm.

I.

On March 16, 2006, a federal grand jury in the Eastern District of North Carolina indicted Andrews on charges arising from a bank robbery that occurred the previous March. Authorities arrested him two months later on May 16, 2006. Andrews first appeared before a magistrate judge on that date; he did not have legal representation and did not request appointment of counsel.  At that time, he was imprisoned, serving another federal sentence, in Bennettsville, South Carolina.

On July 10, 2006, the district court appointed the Federal Public Defender's office to serve as Andrews's stand-by counsel. Two days later, Andrews requested a continuance to evaluate whether he wished to retain private counsel.  Ultimately, on July 26, 2006, Andrews sought appointed counsel, and the district court appointed Andrews's stand-by counsel to represent

2

him. The district court set an arraignment and trial date for August 21, 2006.

Two days after appointment of counsel, on July 28, 2006, Andrews sought a continuance of his August 21 trial date to allow his counsel adequate time to prepare a defense. The district court granted the continuance and ordered the arraignment and trial date be set for the October term of court. In its order, the district court stated that the ends of justice in granting the continuance outweighed the interests of the public and defendant in a speedy trial and that the continuance was excludable time under the Speedy Trial Act. On September 27, 2006, Andrews moved for another continuance, again requesting additional time to prepare for trial. The district court, again finding the ends of justice to be served by granting the continuance, ordered the trial continued until the January 2007 term of court.

On November 15, 2006, the Federal Public Defender's office sought to withdraw as Andrews's counsel, citing a conflict of interest. The district court granted the motion. One month later, on December 14, 2006, Andrews sought a 90-day continuance to allow newly-appointed counsel additional time to prepare for trial. The motion detailed that Andrews's new attorney had just recently received discovery materials and had not yet been able to visit Andrews in federal custody in South Carolina. While

3

this motion was pending, on December 20, 2006, the district court set a trial date of January 3, 2007. Shortly thereafter, on December 28, 2006, the Government moved for a continuance asserting that the federal marshal would be unable to transport Andrews from the correctional facility in Bennettsville, South Carolina in time for the January 3 trial date in the Eastern District of North Carolina. The district court granted the Government's motion and continued the trial until the April 2007 term of court. In its order, the district court noted that the Government demonstrated good cause for the continuance and found the ends of justice best served by granting the continuance.

On February 20, 2007, the Government notified the district court that it was substituting its lead counsel. On March 15, 2007, the district court set a trial date for March 26, 2007; the following day the Government requested a continuance because its new lead counsel was scheduled to be on leave at that time and Government co-counsel was scheduled to be in trial. In its motion, the Government stated that Andrews did not oppose the continuance and, in fact, would favor a continuance to allow for additional discovery. The district court found the ends of justice best served by granting the continuance and so continued the arraignment and trial to the July 2007 term of court.

On June 1, 2007, Andrews and the Government filed a joint motion to set a specific trial date in late July to accommodate

4

Government witnesses and defense counsel's scheduled vacation. The district court, finding the ends of justice served by a continuance, scheduled the trial for August 13, 2007. Approximately two weeks before the scheduled trial date, defense counsel moved to withdraw as Andrews's attorney citing medical reasons that prevented him from adequately preparing for trial. The district court granted the unopposed motion, set the arraignment and trial for the October 2007 term of court, and ordered that the intervening time be excluded from speedy trial computation under the Speedy Trial Act.

On September 26, 2007, Andrews sought another continuance jointly with the Government to continue the arraignment and trial until January 7, 2008, to allow Andrews's new defense counsel adequate time to prepare for trial, to allow the Government to make travel arrangements for witnesses in federal custody, and to accommodate Government counsels' trial schedules in mid-November and early December. The district court granted the motion finding the ends of justice served and set the new trial date for January 21, 2008. Thereafter the Government filed an unopposed motion to set the trial date in mid-February 2008 to accommodate the January trial schedules of Government and defense counsel. The district court ordered that the trial date be set for February 26, 2008, and ordered that the intervening time be excluded from speedy trial computation.

On January 31, 2008, Andrews moved for a determination of competency, which the Government opposed. After the district court held a hearing on the motion on February 13, 2008, during which Andrews addressed the court, the court denied the motion. Andrews's trial commenced on February 26, 2008. The jury convicted Andrews on all three counts charged in the indictment: conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 (2006), bank robbery in violation of 18 U.S.C. § 2113(a) (2006), and possession of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) (2006). The district court sentenced Andrews to 180 months incarceration.

## II.

All told, Andrews did not stand trial until approximately 650 days after his first appearance before the magistrate judge. Andrews's sole arguments on appeal challenge this delay. He argues that the delay violated his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq. (2006), and the Sixth Amendment.

### A.

The Speedy Trial Act provides that the trial of a defendant charged in an indictment "shall commence within seventy days from the filing date . . . of the indictment, or from the date the defendant has appeared before a judicial officer or the

6

court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1) (2006). If a defendant is not brought to trial during this period, and the delays are not excludable, the "indictment shall be dismissed on motion of the defendant," although the district court has the discretion to dismiss with or without prejudice. § 3162(a)(2); United States v. Henry, 538 F.3d 300, 304 (4th Cir. 2008).

"While a defendant may not prospectively waive the application of the Act, his failure to make a timely motion to dismiss constitutes a waiver of his rights under the Act." Henry, 538 F.3d at 304 (internal citation omitted); see § 3162(a)(2) ("Failure of the defendant to move for dismissal prior to trial . . . shall constitute a waiver of the right to dismissal under this section."). Requiring a defendant to file a pre-trial motion to dismiss "ensur[es] that an expensive and time-consuming trial will not be mooted by a late-filed motion under the Act." Zedner v. United States, 547 U.S. 489, 502-03 (2006).

Here, Andrews failed to file a timely motion to dismiss the indictment. Relying on an admittedly "thin basis," Andrews argues that he attempted to assert his Speedy Trial Act rights before the district court. He points to his colloquy with the district court at the February 13 hearing, in which he complained about having three different attorneys during the

7

pre-trial period.  Although this exchange suggests Andrews may have considered the pre-trial delays to be excessive, it does not indicate any intention on the part of Andrews to move for a dismissal based on a violation of the Act, as required by 18 U.S.C. § 3162(a)(2).  Nor is there any indication in the record that the trial court, or defense counsel for that matter, considered Andrews's statement to constitute a motion to dismiss or even a discussion of his rights under the Act.  See United States v. Register, 182 F.3d 820, 828 (11th Cir. 1999) (finding defendant waived rights under the Act by failing to move the court to dismiss the indictment, even though he demanded a jury trial on more than one occasion and moved for release from prison based on excessive pretrial detention); United States v. Lugo, 170 F.3d 996, 1001 (10th Cir. 1999) (holding defendant failed to move for dismissal under the Act because, although defendant indicated that he might file such a motion, "the district . . . judge [n]ever indicated that any discussion about the Speedy Trial Act issue would be deemed a motion to dismiss as required by 18 U.S.C. § 3162(a)(2)").

Accordingly, by failing to file a pre-trial motion to dismiss, Andrews waived his rights under the Act. See Henry, 538 F.3d at 304; see also Zedner, 547 U.S. at 502-03.[*]

B.

Andrews also asserts the delay violated his constitutional right to a speedy trial. Because Andrews makes this claim for the first time on appeal, we review for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993); see also Barker v. Wingo, 407 U.S. 514, 528 (1972)

---

[*] Andrews's waiver notwithstanding, we doubt that any violation of the Act occurred. Despite the general 70-day deadline, the Act provides for a number of excludable delays; of greatest relevance here is delay resulting from the granting of a continuance based on a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). Factors that a district court must consider in deciding whether to grant an ends-of-justice continuance are a defendant's need for "reasonable time to obtain counsel," and "continuity" and "effective preparation" of counsel for the Government or defendant. § 3161(h)(7)(B)(iv). Either solely or jointly with the Government, Andrews sought the majority of the continuances in this case to allow defense counsel adequate time to prepare for trial and to enable continuity of counsel. See United States v. Kellam, 568 F.3d 125, 137-38 & nn.17,19. (4th Cir. 2009) (holding no Speedy Trial Act violation occurred where pre-trial delays were caused by defendant's or co-defendant's motions, including various motions for continuances). Further, on the two occasions when the Government did move for continuances the district court found that the "ends of justice" were served by granting those unopposed continuance motions -- one enabled continuity of counsel for the Government and was expressly consented to by Andrews, and the other followed Andrews's own wishes because it was made within days of his own motion for a 90-day continuance. Thus the record in its entirety supports these findings. See United States v. Keith, 42 F.3d 234, 240 (4th Cir. 1994).

(holding that a defendant who fails to demand a speedy trial does not forever waive that constitutional right). To assess whether a pre-trial delay violates the Sixth Amendment's speedy trial guarantee, we balance four factors: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. See Barker, 407 U.S. at 530. Although the first factor -- the length of delay, over 650 days -- weighs in favor of Andrews, the remaining factors favor the Government.

As to the second factor, Andrews sought the majority of the continuances to allow counsel adequate time to prepare for trial. See Vermont v. Brillon, 129 S.Ct. 1283, 1291 (2009) (holding that "assigned counsel's failure to move the case forward does not warrant attribution of delay to the state" for purposes of speedy trial claim) (internal quotation marks omitted). Moreover, Andrews did not oppose the two Government continuances, of which he now primarily complains; in fact, the record indicates he favored them. Furthermore, the record does not support a finding that the Government's continuances were the result of prosecutorial misconduct or bad intent. See United States v. Hall, 551 F.3d 257, 272 (4th Cir. 2009). The first challenged Government continuance request, involving a failure to timely writ Andrews from federal custody in South Carolina, likely resulted from a reasonable expectation that the

10

district court would grant Andrews's pending continuance motion, which sought additional time for his newly-appointed counsel to prepare for trial. The district court had previously granted every such continuance requested by Andrews. The second challenged Government continuance sought to accommodate its new lead counsel's scheduled leave. In light of the numerous schedule changes sought by the defense, the Government's effort to ensure consistency of its counsel does not warrant a finding of misconduct or bad intent. Because the bulk of the delays were caused by Andrews and thus weigh against him, see Brillon, 129 S.Ct. at 1290, and nothing in the record suggests an improper motive by the Government in requesting its continuances, the second Barker factor favors the Government.

The third factor weighs heavily against Andrews because he did not assert his right to a speedy trial in the district court. See Barker, 407 U.S. at 532 ("We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial."); United States v. Thomas, 55 F.3d 144, 150 (4th Cir. 1995).

Lastly, Andrews has made no showing of prejudice, thus the final factor also weighs in favor of the Government. Although Andrews claims he was prejudiced due to loss of witnesses and an alibi defense, he has failed to identify any specific witnesses who were unavailable to testify or could not accurately recall

11

the events in question, and he does not contend that exculpatory evidence was lost or rendered unavailable by the delay.  See Hall, 551 F.3d at 273.

Having balanced the Barker factors, we believe it clear that the delay did not contravene Andrews's constitutional right to a speedy trial.

### III.

For the reasons set forth above, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED