**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5034**

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

DORIS FOSTER,

               Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:09-cr-00013-MR-DLH-7)

Submitted: October 27, 2011        Decided: November 4, 2011

Before WILKINSON, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark A. Yurachek, THE LAW OFFICES OF MARK ALLEN YURACHEK, LLC, Atlanta, Georgia, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Doris Foster of conspiracy to possess with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 846 (2006). The district court sentenced Foster to 292 months of imprisonment and Foster now appeals. For the reasons that follow, we affirm.

Foster first argues that the district court erred in calculating the quantity of crack attributable to her under the advisory Guidelines. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51.

Moreover, "[t]he [g]overnment must prove by a preponderance of the evidence the amount of controlled substances attributable to a defendant." United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002). In reviewing the district court's calculations under the Guidelines, we "review

2

the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks and citation omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks and citation omitted).

Under the Guidelines in effect at the time of Foster's sentencing, the applicable offense level was thirty-six if the defendant was held responsible for more than 1.5 kilograms but less than 4.5 kilograms of crack. See U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(a)(5), (c)(2) (2009). Furthermore, in a drug conspiracy, the defendant is accountable for the quantity of drugs with which she is directly involved and "all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that [she] jointly undertook." USSG § 1B1.3(a), cmt. n.2; see also United States v. Lamarr, 75 F.3d 964, 972 (4th Cir. 1996) ("A defendant's Base Offense Level under the Guidelines is determined by the amount of drugs 'reasonably foreseeable to [her] within the scope of [her] unlawful agreement.'") (citations omitted). We have thoroughly reviewed the record and conclude that the district court did not err in calculating the quantity of crack attributable to Foster under the

3

Guidelines and, therefore, did not err in calculating the advisory Guidelines range.

Foster next argues that the district court should have applied proposed Amendment 750 to the Guidelines, which will lower the offense levels for offenses involving crack and is to take effect absent contrary action by Congress on November 1, 2011. The Fair Sentencing Act ("FSA") became effective on August 3, 2010, and raised the threshold amounts of crack that trigger the statutory minimums for convictions under 21 U.S.C. § 841(a) (2006). See 21 U.S.C.A. § 841(b) (West Supp. 2011). In response to the FSA, the Sentencing Commission on April 28, 2011, proposed Amendment 750 to the Guidelines, which will lower the offense levels applicable to crack offenses and will apply retroactively, to become effective on November 1, 2011.

However, regardless of pending Guidelines amendments, a sentencing court "shall use the Guidelines Manual in effect on the date the defendant is sentenced." USSG § 1B1.11(a) (2010). Here, Foster was sentenced on September 22, 2010, and the district court employed the Guidelines Manual in effect at that time. Therefore, the court correctly calculated Foster's offense level. While Amendment 750 may apply to Foster's conviction after its effective date, "[i]t is . . . for the district court to first assess whether and to what extent [Foster's] sentence may be thereby affected, and that court is

4

entitled to address this issue either sua sponte or in response to a motion by [Foster]." United States v. Brewer, 520 F.3d 367, 373 (4th Cir. 2008) (refusing to apply retroactive amendment in the Guidelines on direct appeal).

Accordingly, we affirm the judgment of the district court. However, this decision is rendered without prejudice to Foster's right to pursue a sentence reduction in the district court pursuant to 18 U.S.C. § 3582(c)(2) (2006). We deny Foster's motions to file pro se supplemental briefs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED