**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-4323**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

SIVA K. DURBESULA,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:20-cr-00090-MR-WCM-1)

Submitted:  January 31, 2022                    Decided:  March 15, 2022

Before WILKINSON, HARRIS, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: Andrew B. Banzhoff, DEVEREUX BANZHOFF, PLLC, Asheville, North Carolina, for Appellant.  William T. Stetzer, Acting United States Attorney, Don Gast, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Siva Durbesula appeals his jury conviction and 24-month sentence for abusive sexual contact without permission, in violation of 18 U.S.C. § 2244(b); 49 U.S.C. § 46506(1). On appeal, Durbesula argues that: (1) the district court violated his speedy trial right under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161; (2) the court imposed a substantively unreasonable sentence; and (3) the court engaged in impermissible judicial fact-finding to enhance both his term of supervised release and his special assessment. For the following reasons, we affirm.

We review de novo a district court's interpretation of the STA and review the district court's related factual findings for clear error. *United States v. Bush*, 404 F.3d 263, 272 (4th Cir. 2005). The STA requires that a defendant's trial begin within 70 days "from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The STA provides for the exclusion of certain delays when computing the time within which a defendant's trial must commence. *Id.* § 3161(h).

Among other exceptions inapplicable here, the STA excludes delays resulting from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," *id.* § 3161(h)(1)(D); "any proceeding relating to the transfer of a case," *id.* § 3161(h)(1)(E); and the "transportation of any defendant from another district," *id.* § 3161(h)(1)(F). Additionally, the STA excludes delays resulting from the granting of a continuance "if the judge granted [a] continuance

2

on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). If a defendant's trial does not begin within 70 days as required by § 3161(c)(1), taking into consideration all excludable delays, the district court must dismiss the indictment upon the defendant's motion. *Id.* § 3162(a)(2); *United States v. Henry*, 538 F.3d 300, 304 (4th Cir. 2008). Having reviewed the record, even if we assume that the speedy trial clock began to run when Durbesula first appeared in the District of South Carolina – not when he later appeared in the Western District of North Carolina, after a transfer of venue – we discern no error in the district court's finding that there was no violation of the STA.

We "review[] all sentences – whether inside, just outside, or significantly outside the [Sentencing] Guidelines range – under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up).

> First, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range."

*United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

"If the sentence 'is procedurally sound, [we] then consider the substantive reasonableness of the sentence.'" *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). "When considering the substantive reasonableness of a prison term, we examine[] the totality of the circumstances to see whether the

3

sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir. 2020) (internal quotation marks omitted). Therefore, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) (internal quotation marks omitted). "That said, district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors, and the fact that a variance sentence deviates, even significantly, from the Guidelines range does not alone render it presumptively unreasonable." *Id.* (internal quotation marks omitted). "Instead, we must 'give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Id.* (quoting *Gall*, 552 U.S. at 51).

Having reviewed the record, we conclude that Durbesula's sentence is both procedurally and substantively reasonable. The district court properly calculated Durbesula's Guidelines range, afforded the parties an opportunity to argue for an appropriate sentence, and provided a detailed explanation of the chosen sentence in terms of the § 3553(a) factors and the parties' arguments. As the district court explained, Durbesula's Guidelines range did not adequately represent the seriousness of his conduct or criminal history or the likelihood that he would commit other crimes. Based on its consideration of the § 3553(a) factors and arguments of the parties, the court reasonably

found that a sentence of 24 months was sufficient but not greater than necessary to accomplish the goals of sentencing.

Additionally, we conclude that the district court did not engage in impermissible judicial fact-finding in imposing Durbesula's term of supervised release and special assessment, as the court correctly applied the sentencing provisions found in 18 U.S.C. § 3583(k) and 18 U.S.C. §§ 3013(a)(2)(A), 3014(a)(2) that are applicable to Durbesula's offense of conviction. We therefore affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*