**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-7745**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DORIS DENISE FOSTER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:09-cr-00013-MR-WCM-7)

_____

Submitted:  June 8, 2022                                       Decided:  July 20, 2022

_____

Before MOTZ and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:**  Anthony Martinez, Federal Public Defender, Charlotte, North Carolina, Joshua B. Carpenter, Appellate Chief, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  William T. Stetzer, Acting United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Doris Denise Foster appeals the district court's order granting in part and denying in part her motion for a sentence reduction under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. On appeal, Foster contends the district court clearly erred in asserting it had previously found a drug weight of 2,902.43 grams of cocaine base and procedurally erred in recalculating her Guidelines range under the First Step Act. She also contends any finding that she was responsible for more than 2.8 kilograms would be clearly erroneous. We vacate the district court's order and remand for further proceedings.

Under § 404(b) of the First Step Act, a district court may "impose a reduced sentence 'as if' the revised penalties for crack cocaine enacted in the Fair Sentencing Act of 2010 were in effect at the time the offense was committed." *Concepcion v. United States*, No. 20-1650, 2022 WL 2295029, at *4 (U.S. June 27, 2022); *see also United States v. McDonald*, 986 F.3d 402, 408–09 (4th Cir. 2021) (internal quotation marks omitted). When imposing a new sentence under this statutory scheme, "a court does not simply adjust the statutory minimum; it must also recalculate the Guidelines range." *Id.* at 409 (internal quotation marks omitted); *see also Concepcion*, 2022 WL 2295029, at *10. District courts retain much discretion in these proceedings, and "the scope of the analysis is defined by the gaps left from the original sentencing to enable the court to determine what sentence it would have imposed under the Fair Sentencing Act in light of intervening circumstances." *United States v. Lancaster*, 997 F.3d 171, 175 (4th Cir. 2021).

We review a district court's First Step Act § 404 proceedings for procedural and substantive reasonableness. *United States v. Collington*, 995 F.3d 347, 358–61 (4th Cir.

2

2021).    Among other things, this reasonableness standard requires a district court to "accurately recalculate the Guidelines sentence range." *Id*. at 355.

To accurately recalculate the Guidelines range, a district court may need to make additional findings and identify the attributable drug quantity with more precision than at the original sentencing. *Lancaster*, 997 F.3d at 176; *see also United States v. Peters*, 843 F.3d 572, 578 (4th Cir. 2016).  "Such findings cannot contradict earlier ones and must be supported by the record." *Peters*, 843 F.3d at 578.  "A district court may 'adopt[] the PSR's findings *in toto*' as the factual basis for a sentencing decision so long as it clearly resolved any factual disputes." *United States v. Burnley*, 988 F.3d 184, 190 (4th Cir. 2021) (quoting *United States v. Walker*, 29 F.3d 908, 911 (4th Cir. 1994)).

"We review factual determinations, like the quantity of drugs attributable to a defendant for sentencing purposes, for clear error." *United States v. Mann*, 709 F.3d 301, 304 (4th Cir. 2013).  "[T]o the extent the record is unclear, we must defer to the sentencing judge's reasonable understanding of the record – and particularly his interpretation of *his own earlier findings*." *Id.* at 306.  However, "we need not defer to the district court if its interpretation of its own previous ruling cannot be squared with the facts presented." *Id*. (citing *United States v. Henry*, 538 F.3d 300, 304–06 (4th Cir. 2008) (where actual record failed to support district court's recollection, no deference accorded)).

We have reviewed the record and agree with Foster that the district court clearly erred in asserting it previously found a drug weight of 2,902.43 grams of cocaine base, and it procedurally erred in recalculating her Guidelines range under the First Step Act.  At her sentencing in 2010, the presentence report (PSR) recommended a drug weight of 2,902.43

3

grams, but Foster objected.  In response, the Government argued the evidence supported, at minimum, a finding of more than 1.5 kilograms.  In resolving the objection, the court's "finding of fact" was "that the amount of cocaine base reasonably foreseeable to the defendant in this matter was in the range between 1.5 and 4.5 kilos"; and it therefore accepted the base offense level and Guidelines calculations stated in the PSR and overruled the objection on that basis.  J.A. 46.

Moreover, in response to Foster's argument at sentencing that the district court should find her responsible for less than 2.8 kilograms, in anticipation of a retroactive Guidelines amendment pursuant to the Fair Sentencing Act of 2010, the court explained that this was one of the reasons that it adopted the range; and it indicated its intent to make a more precise finding on drug weight in the event of a retroactive amendment.  J.A. 65–66.

On direct appeal, the parties agreed the district court at sentencing had found Foster responsible for a range between 1.5 and 4.5 kilograms, and Foster argued the finding was erroneous.  We held the district court did not clearly err in that finding under the Guidelines in effect at the time of sentencing, but our decision was "rendered without prejudice to Foster's right to pursue a sentence reduction in the district court pursuant to 18 U.S.C. § 3582(c)(2)."  *United States v. Foster*, 452 F. App'x 274, 276 (4th Cir. 2011).

Although the district court subsequently granted Foster's counseled motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction based on Amendment 782, it appears the probation officer in that proceeding erroneously represented that the court's original drug-quantity finding was 2,902.43 grams, and there was no objection to or correction of the

4

error. Although we affirmed the district court's subsequent order denying Foster's pro se motion for a further reduction, we specifically noted "that the district court's finding of fact on the range of cocaine base Foster possessed ('between 1.5 and 4.5 kilos'), straddles two categories of base offense levels under the United States Sentencing Guidelines"; and "[i]f the relevant amount of cocaine base fell under 2.8 kilograms, Foster may be eligible for a further reduction in her sentence." *United States v. Foster*, 738 F. App'x 788, 788 n.* (4th Cir. 2018) (citation omitted). Nonetheless, we did not consider or decide the issue on appeal, because Foster "did not raise the issue in the court below." *Id.*

In deciding Foster's First Step Act § 404 motion, the district court erred in stating that "the Court calculated that the Defendant was responsible for a total of 2,902.43 grams of crack cocaine" at her sentencing, and it erred in recalculating her Guidelines range under the First Step Act based on the error. J.A. 140–41. Although it asserted that "any lower drug-quantity finding would be inconsistent with [its] earlier findings," a finding of between 1.5 and 2.8 kilograms would be consistent with its prior finding of between 1.5 and 4.5 kilograms. J.A. 141. We reject the government's argument that this error was harmless: At Foster's original sentencing, the district court acknowledged that the possibility of some double-counting in Foster's drug quantity did raise concerns. Rather than resolve the issue, it deferred making a precise drug-quantity finding, and stated that it would "deal with that issue if we have to" – that is, if new Guidelines became applicable to Foster's case. J.A. 65. Under such circumstances, we cannot conclude that the failure to reconsider that quantity was harmless.

We therefore vacate the district court's order and remand for it to either apply the minimum drug quantity of 1.5 kilograms that was found by the court at sentencing or make additional findings within the range previously found before recalculating the Guidelines range under the First Step Act.  We need not consider Foster's second argument that any drug-quantity finding of more than 2.8 kilograms *would be* clearly erroneous, since the district court has not yet made that finding.  "[B]ecause we are a court of review, not first view, we remand so that the district court may resolve these issues in the first instance." *United States v. Frank*, 8 F.4th 320, 333 (4th Cir. 2021) (internal quotation marks omitted).

Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*