**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 23-4447**

—————————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CARL MICHAEL MANN, II, a/k/a Pike,

Defendant – Appellant.

—————————

**No. 23-4448**

—————————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

GABRIEL L'AMBIANCE INGRAM, a/k/a Big Shot, a/k/a Big Shot Rock, a/k/a
Rock,

Defendant – Appellant.

—————————

**No. 23-4630**

—————————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DARRELL LAROD CROCKETT, a/k/a Unc, a/k/a Croc,

Defendant – Appellant.

_____

Appeals from the United States District Court for the District of South Carolina, at Rock Hill.  Mary G. Lewis, District Judge.  (0:18-cr-00557-MGL-9; 0:18-cr-00557-MGL-3; 0:18-cr-00557-MGL-6)

_____

Argued:  May 9, 2025                                    Decided:  August 4, 2025

_____

Before QUATTLEBAUM, RUSHING, and HEYTENS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** William Michael Duncan, DUNCAN & HEYDARY LAW, PLLC, Greensboro, North Carolina; Louis H. Lang, CALLISON, TIGHE & ROBINSON, LLC, Columbia, South Carolina; Brian Michael Aus, Durham, North Carolina, for Appellants. Andrea Gwen Hoffman, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.  **ON BRIEF:** Brook B. Andrews, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

A federal jury convicted Carl Mann, II, Gabriel Ingram, and Darrell Crockett for their roles in a drug conspiracy and related offenses.  The district court sentenced Mann to 300 months' imprisonment, Ingram to 260 months' imprisonment, and Crockett to 240 months' imprisonment.  On appeal, Defendants jointly contest the district court's denial of their motion to suppress evidence and denial of a motion to dismiss the indictment.  Mann also brings separate challenges to his convictions, and Ingram raises numerous additional objections to his convictions and sentence.  Finding no reversible error, we affirm.

First, we consider Defendants' argument that the district court erred in denying their motion to suppress evidence obtained by a wiretap because the Government failed to demonstrate the wiretap was necessary.  To receive authorization for a wiretap, the Government must submit an application containing "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous."  18 U.S.C. § 2518(1)(c).  A district court may authorize a wiretap only if it determines that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous."  *Id.* § 2518(3)(c).  We review determinations of necessity for abuse of discretion.  *United States v. Wilson*, 484 F.3d 267, 280 (4th Cir. 2007).

Defendants were members of a complex drug trafficking organization, and the Government sought permission to intercept communications on the phones of two members of the organization during its investigation.  The Government, in the affidavit in

3

support of its wiretap application, explained at length the techniques that had been used up to that point in the investigation, including physical surveillance, controlled purchases, confidential sources, interviews, pen registers, and financial investigation. Those tools had failed to uncover the identity of all enterprise members and co-conspirators, including the sources of supply for the narcotics. The Government's affidavit explained why other techniques were unlikely to succeed and why a wiretap was necessary to identify the out-of-district sources of the drugs.

We conclude that the authorizing court did not abuse its discretion when it determined that the Government had submitted sufficient facts to show the need for the wiretap. The Government carried its burden to "present specific factual information sufficient to establish that it ha[d] encountered difficulties in penetrating the criminal enterprise or in gathering evidence . . . [such that] wiretapping bec[a]me[] reasonable," despite "the statutory preference for less intrusive techniques." *United States v. Smith*, 31 F.3d 1294, 1298 (4th Cir. 1994) (internal quotation marks, citation, and brackets omitted). Accordingly, the district court did not err in denying Defendants' motion to suppress the wiretap evidence.

Second, we consider Defendants' argument that the district court should have dismissed the indictment because of a violation of the Speedy Trial Act. Mann and Crockett waived any right to dismissal because they did not "move to dismiss the charges before the start of trial." *United States v. Henry*, 538 F.3d 300, 304 (4th Cir. 2008); *see* 18 U.S.C. § 3162(a)(2). Ingram filed a timely motion to dismiss, but his objection fails on the merits.

4

The Speedy Trial Act instructs that the trial of a defendant charged in an indictment "shall commence within seventy days from the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, various delays are excluded from the seventy-day period, such as "[a]ny period of delay resulting from a continuance granted . . . on the basis of [the court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). If the district court grants one codefendant's motion to continue, that time generally is excluded as to all codefendants. *United States v. Shealey*, 641 F.3d 627, 632 (4th Cir. 2011); *see* 18 U.S.C. § 3161(h)(6). We review a district court's interpretation of the Speedy Trial Act de novo and its factual findings for clear error. *United States v. Pair*, 84 F.4th 577, 582 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 2589 (2024).

Ingram takes issue with a continuance the district court granted from April 2022 to August 2022 based on the motions of two of his codefendants, Mann and Hemphill. Mann and Hemphill each requested a continuance because they had recently received new attorneys, who needed additional time to prepare for trial. On appeal, Ingram contends that the continuance was unreasonable and should not be excluded for Speedy Trial purposes because Hemphill's motion was a result of the Government's "inexcusable delay" in moving to disqualify Hemphill's former counsel "years after it knew of the potential conflict." Opening Br. 81. But Ingram does not contend that a similar defect afflicts the continuance sought by Mann's new counsel, who was appointed for reasons unrelated to

5

the conflict or the Government's disqualification motion. Nor does Ingram otherwise object on appeal to the district court's determination that the ends of justice warranted the April to August delay so Mann's new counsel could prepare for trial. Because that determination independently supports the entire period of delay, Ingram's argument fails and the district court did not err in denying his motion to dismiss the indictment.

Finally, we have also considered Ingram's and Mann's numerous other arguments on appeal. After reviewing the briefs and hearing oral argument, we find no reversible error.

*AFFIRMED*