**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5221**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JULIUS NESBITT, a/k/a Butch,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge. (2:08-cr-01153-DCN-1)

_____

Submitted:  January 31, 2012        Decided:  February 6, 2012

_____

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Louis H. Lang, CALLISON TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Peter T. Phillips, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julius Nesbitt appeals his conviction and 151-month sentence of one count of conspiracy to possess with intent to distribute and distribute oxycodone, in violation of 21 U.S.C. § 846 (2006); two counts of possession with intent to distribute and distribution of oxycodone, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West Supp. 2011); one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006); and one count of causing the Coast Guard to attempt to save a life and property when no help was needed, in violation of 14 U.S.C. § 88(c) (2006). Counsel for Nesbitt filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in denying Nesbitt's motions to dismiss and for a Franks[*] hearing. Nesbitt filed a pro se supplemental brief, arguing that the district court erred in denying his motions to dismiss on speedy trial grounds and for a Franks hearing and in permitting the Government to use visual aids during its closing argument.

Upon review of the record, we directed supplemental briefing on the issues of whether the district court erred in

---

[*] Franks v. Delaware, 438 U.S. 154 (1978).

2

denying Nesbitt's motion to dismiss on speedy trial grounds and whether the district court abused its discretion in failing to adequately explain the sentence imposed. We now affirm Nesbitt's convictions, but we vacate the sentence and remand for resentencing.

We review a district court's factual findings in its ruling on a motion to dismiss for clear error and its legal determinations de novo. United States v. Kellam, 568 F.3d 125, 132 (4th Cir. 2009). The Speedy Trial Act requires that a defendant's trial "commence within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1) (2006). The Act provides for several excludable delays, including those resulting from the grant of a continuance where the district court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial"; trial on other charges; and the filing of pretrial motions. 18 U.S.C.A. § 3161(h)(1)(B), (D), (7)(A) (West Supp. 2011). If the defendant's trial does not begin within seventy days and the delay is not excludable, the district court "shall" dismiss the indictment with or without prejudice on motion of the defendant. 18 U.S.C. § 3162(a)(2); United States v. Henry, 538 F.3d 300,

3

304 (4th Cir. 2008).  The defendant bears the burden of proving a Speedy Trial Act violation.  18 U.S.C. § 3162(a)(2); United States v. O'Connor, 656 F.3d 630, 633 (7th Cir. 2011), petition for cert. filed, __ S. Ct. __ (U.S. Nov. 29, 2011) (No. 11-7625).

We conclude that Nesbitt has not carried his burden of establishing a Speedy Trial Act violation.  The Speedy Trial clock began running when Nesbitt appeared before a magistrate judge for arraignment on April 8, 2009.  The following day, Nesbitt filed motions for disclosure of intent to use evidence of other crimes, for leave to file additional motions, and for discovery, thereby tolling the clock.  See 18 U.S.C. § 3161(h)(1)(D).  Nesbitt has not produced any evidence that these motions were disposed of prior to November 10, 2009, when he filed his motion to suppres, or at anytime thereafter.  Therefore, we hold that Nesbitt has not carried his burden of showing that any time ran on the clock between his pretrial filings on April 9, 2009, and the beginning of jury selection on August 10, 2010.  Accordingly, we conclude that the district court did not err in denying Nesbitt's motion to dismiss.

We review de novo the legal determinations underlying a district court's denial of a Franks hearing and the district court's factual findings for clear error.  United States v. Allen, 631 F.3d 164, 171 (4th Cir. 2011).  In order to obtain a

4

Franks hearing to attack a facially sufficient warrant affidavit, a defendant must make a substantial preliminary showing that a false statement critical to a finding of probable cause was included in the warrant affidavit knowingly and intentionally or with reckless disregard for the truth. See Franks, 438 U.S. at 155-56; United States v. Clenney, 631 F.3d 658, 663 (4th Cir. 2011). "This showing must be more than conclusory and should include affidavits or other evidence to overcome the presumption of the warrant's validity." Clenney, 631 F.3d at 663 (internal quotation marks and alterations omitted). Nesbitt did not make a substantial preliminary showing that the affiant lied or omitted information with reckless disregard for the truth. Accordingly, we conclude that the district court did not err in denying Nesbitt's motion for a Franks hearing.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 45 (2007); United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010) (abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error in district court "[b]y drawing arguments from [18 U.S.C.] § 3553 [(2006)] for a sentence different than the one ultimately imposed"). We must begin by reviewing the sentence for significant procedural error, including such errors

5

as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51.

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence. Id. (internal quotation marks omitted). The court's explanation need not be exhaustive; it must be "sufficient 'to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007) (alterations omitted)).

When, as here, the district court imposes a within-Guidelines sentence, the district court may "provide a less extensive, while still individualized, explanation." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009). That explanation, however, must be sufficient to allow for

"meaningful appellate review" such that we need "not guess at the district court's rationale." Carter, 564 F.3d at 329-30 (internal quotation marks omitted).

We conclude that the district court erred in failing to provide an adequate explanation for its chosen sentence. During sentencing, the court merely stated that it "calculated and considered the advisory Sentencing Guidelines and the relevant statutory sentencing factors contained in 18 United States Code 3553(a)." The district court chose not to accept either party's suggested sentence, instead sentencing in the middle of the Guidelines range, but it provided very little indication that it considered the parties' arguments and had a reasoned basis for exercising its legal decisionmaking authority.

The Government argues that any error was harmless. When this court concludes that the district court committed a procedural error in sentencing, "the government may avoid reversal only if it demonstrates that the error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentenced imposed." United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (internal quotation marks and alterations omitted). Here, because Nesbitt requested

7

a sentence at the low end of the Guidelines range based on his age and health and the district court imposed a different sentence without any indication that it had considered Nesbitt's argument, the Government's conclusory argument is insufficient to establish harmless error. Therefore, we must vacate Nesbitt's sentence and remand for resentencing.

In accordance with <u>Anders</u>, we have reviewed Nesbitt's pro se claims and the record in this case and find that there are no other meritorious issues for review. We therefore affirm the convictions, vacate Nesbitt's sentence, and remand for resentencing. We deny Nesbitt's motion to consolidate briefs or terminate counsel.

This court requires that counsel inform Nesbitt in writing of the right to petition the Supreme Court of the United States for further review. If Nesbitt requests that such petition be filed, but counsel believes that the petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Nesbitt.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

8

before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED IN PART;
AND REMANDED