**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4997**

───────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

JULIUS NESBITT, a/k/a Butch,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:08-cr-01153-DCN-1)

───────────

Submitted: September 17, 2014     Decided: October 16, 2014

───────────

Before DUNCAN and KEENAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

David B. Betts, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Peter T. Phillips, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Julius Nesbitt of conspiracy to possess with intent to distribute and to distribute oxycodone, in violation of 21 U.S.C. § 846 (2012) ("Count One"); two counts of possession with intent to distribute and distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012) ("Count Two" and "Count Three"); one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012) ("Count Five"); and one count of causing the Coast Guard to attempt to save a life and property when no help was needed, in violation of 14 U.S.C. § 88(c) (2012) ("Count Six").

The district court sentenced Nesbitt to 151 months' imprisonment on Counts One, Two, and Three, and concurrent sentences of 120 months' imprisonment on Count Five and seventy-two months' imprisonment on Count Six, for a total sentence of 151 months' imprisonment. See United States v. Nesbitt, 464 F. App'x 89, 90 (4th Cir. 2012). On appeal, this court vacated the criminal judgment in part and remanded for resentencing, holding that the district court failed "to provide an adequate explanation for its chosen sentence". Id. at 91-92. At resentencing, the district court sentenced Nesbitt to an identical sentence.

This court reviews a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 45 (2007); United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010) (abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error in district court "[b]y drawing arguments from [18 U.S.C.] § 3553 [(2012)] for a sentence different than the one ultimately imposed"). The appellate court must begin by reviewing the sentence for significant procedural error, including failing to "adequately explain the chosen sentence[.]" Gall, 552 U.S. at 51.

When, as here, the district court imposes a within-Guidelines sentence, the district court may "provide a less extensive, while still individualized, explanation." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009). That explanation, however, must be sufficient to allow for "meaningful appellate review" such that the appellate court need "not guess at the district court's rationale[.]" United States v. Carter, 564 F.3d 325, 329-30 (4th Cir. 2009) (internal quotation marks omitted).

On appeal, Nesbitt challenges only the adequacy of the district court's explanation of its sentence. After reviewing the record, we conclude the district court adequately explained the chosen sentence.

3

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decision making process.

AFFIRMED